IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUGUSTUS ABEL, on behalf of THE ESTATE OF SANDRA ABEL, and AUGUSTUS ABEL, individually, <br><br>    Plaintiffs, <br> v. <br><br> MONSANTO COMPANY and BAYER AG, <br><br>    Defendants. | CASE NO. 2:21-4288 |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Augustus Abel, on behalf of The Estate of Sandra Abel et al. v. Monsanto Company, et al.*, bearing case number 21CVB060302, from the Court of Common Pleas of Delaware County, Ohio to the United States District Court for the Southern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**INTRODUCTION**

1. In this products liability lawsuit, Augustus Abel sues Monsanto and Bayer AG for injuries and death allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most

thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer — including as recently as January 2020. Nevertheless, Mr. Abel alleges that exposure to Monsanto's glyphosate-based herbicides caused decedent Sandra Abel's cancer — specifically, non-Hodgkin's lymphoma ("NHL") — and death.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.,* No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.,* MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Mr. Abel is an Ohio citizen, as was decedent before her death. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Bayer AG is deemed to be a citizen of Germany. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Mr. Abel seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## BACKGROUND AND PROCEDURAL HISTORY

4. Mr. Abel commenced this lawsuit in the Court of Common Pleas of Delaware County, Ohio by filing a Complaint, captioned *Augustus Abel, on behalf of The Estate of Sandra Abel v. Monsanto Company*, case number 21CVB060302, on or about June 24, 2021 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are attached as **Exhibit 1.** This lawsuit seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See* Complaint ¶¶ 1, 137-39, 152, 172-74, 199, 220-21, 232-33.

## BASIS FOR REMOVAL — DIVERSITY JURISDICTION

6. Mr. Abel is, and was at the time the State Court Action was filed, an Ohio resident and citizen, and decedent was an Ohio resident and citizen before and when she died. *See* Complaint ¶¶ 5, 7, 16-18; Selected Filings From Court File, Case Number 21030368PES *(Estate of Sandra Abel),* Probate Court for Delaware County, Ohio (attached collectively as **Exhibit 2).**

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶¶ 8, 19. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8. Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany. *See* Complaint ¶¶ 12, 28. Accordingly, Bayer AG is deemed to be a citizen of Germany, a foreign citizen, for purposes of diversity jurisdiction.

9. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup branded herbicides caused decedent's cancer (NHL) and death.

Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**PROCEDURAL REQUIREMENTS**

11. The Court of Common Pleas of Delaware County, Ohio, is located within the Southern District of Ohio. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

12. On August 2, 2021, Monsanto's registered agent received a "Notice of a Lawsuit and Request to Waive Service of Summons" for this lawsuit mailed by plaintiff's counsel. Monsanto's counsel signed the waiver of service and sent it to Mr. Abel's counsel on August 4, 2021. Regardless of which of those dates is the operative date, this Notice of Removal is timely,

in accordance with 28 U.S.C. § 1446(b)(1), because Monsanto is filing the Notice of Removal within 30 days of the earliest date (August 2, 2021).

13. Bayer AG's consent to removal is not required because Bayer AG has not been served in the State Court Action. 28 U.S.C. § 1446(b)(2)(A). Bayer AG's consent to removal also is not required because Bayer AG has not been "properly joined." *Id.* Courts in Ohio lack personal jurisdiction over Bayer AG for the claims asserted against it in this case.

14. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Court of Common Pleas of Delaware County, Ohio and will be promptly served on Mr. Abel.

15. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

16. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: August 31, 2021            Respectfully submitted,

*/s/ John Q. Lewis*
John Q. Lewis (0067235)
Rachel N. Byrnes (0099736)
TUCKER ELLIS LLP
950 Main Avenue—Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009
Email: john.lewis@tuckerellis.com
rachel.byrnes@tuckerellis.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Notice of Removal* was filed electronically on August 31, 2021 and that service of the same on all counsel of record will be made by the Court's CM/ECF system. Parties may access this filing through the Court's system. A copy was also served via regular U.S. mail to Plaintiffs' counsel at:

    James G. O'Brien
    Daniel O'Connell
    O'BRIEN LAW LLC
    405 Madison Avenue, 10th Floor
    Toledo, OH 43604
    jim@obrien.law

    */s/ John Q. Lewis*
    John Q. Lewis (0067235)
    *One of the Attorneys for Defendant*
    *MONSANTO COMPANY*